# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID A. PHILIP,

   Plaintiff,

v.

BAC HOME LOANS SERVICING, LP, et al.,

   Defendants.

2:11-CV-1499 JCM (PAL)

## ORDER

Presently before the court is defendants Mortgage Electronic Registration Systems, Inc., et. al.'s motion to dismiss. (Doc. #14). *Pro se* plaintiff David A. Philip filed an opposition. (Doc. #20). Defendants did not file a reply.

The property at issue in this case is located at 934 Trinity Pond Circle, Henderson, Nevada. (Doc. #1, Ex. A). Plaintiff purchased the property in 2006, for $344,370. (Doc. #14, Ex. A). Plaintiff took out two loans for $275,450 and $34,450 to finance the purchase, and secured the loans with deeds of trust. (Doc. #14, Exs. B and C). Plaintiff defaulted on his $275,450 loan in January of 2009; ReconTrust recorded a notice of default and election to sell on December 15, 2010. (Doc. #14, Ex. F). On April 5, 2011, the Nevada foreclosure mediation program issued a certificate of foreclosure. (Doc. #14, Ex. G). ReconTrust recorded a notice of trustee's sale on May 4, 2011. (Doc. #14, Ex. H). This sale was postponed, but ReconTrust subsequently recorded two more notices of trustee's sale on August 29, 2011, and December 8, 2011. (Doc. #15, Exs. I and J).

**James C. Mahan**
**U.S. District Judge**

Nevertheless, the property has not been sold pursuant to a trustee's sale.

Plaintiff filed his complaint in state court on June 15, 2011. (Doc. #1, Ex. A). Defendants removed the case to federal court on September 15, 2011. (Doc. #1). Plaintiff's complaint alleges four claims for relief: (1) wrongful foreclosure, (2) slander of title, (3) civil conspiracy, and (4) quiet title. (Doc. #1, Ex. A). Defendants move the court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

### I. Wrongful foreclosure

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time . . . the foreclosure occurred, no breach of condition or failure of performance existed . . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Thus, the material inquiry in a wrongful foreclosure action "is whether the trustor was in

1  default when the power of sale was exercised." *Id.*

2  Here, the property has not yet been sold. Therefore, plaintiff has not pled a valid wrongful
3  foreclosure claim because this claim does not arise until the power of sale is exercised. *Collins*, 662
4  P.2d at 623; *Haley v. Elegen Home Lending, LP*, 2010 WL 1006664, at *2 (D. Nev. 2010).
5  Accordingly, plaintiff's wrongful foreclosure claim must be dismissed.

6  **II.    Slander of title**

7  "The requisites to an action for slander of title are that the words spoken be false, that they
8  be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result
9  of their having been spoken." *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

10  Plaintiff alleges that the defendants have no legitimate enforceable interest in the note and,
11  thus, "participated in recording, filing, mailing and/or otherwise publishing false title-related
12  documents containing erroneous claims . . . ." (Doc. #1, Ex. A). Plaintiff's slander of title
13  allegations appear to be premised on the alleged illegality of the MERS system. (*See* Doc. #1, Ex.
14  A). Plaintiff has not sufficiently alleged the falsity of these communications. *See Rowland*, 662 P.2d
15  at 1335; *In re Mortgage Electronic Registration Systems (MERS) Litigation*, 744 F.Supp. 2d 1018,
16  1031-32 (D. Ariz. 2010). Therefore, plaintiff has failed to state a claim for slander of title upon
17  which relief can be granted. FED. R. CIV. P. 12(b)(6).

18  **III.    Civil conspiracy**

19  "An actionable civil conspiracy is a combination of two or more persons who, by some
20  concerted action, intend to accomplish some unlawful objective for the purpose of harming another
21  which results in damage." *Collins*, 662 P.2d at 622. To assert a valid claim for civil conspiracy,
22  plaintiffs must identify the required "unlawful objective." *Morris v. Bank of America Nevada*, 886
23  P.2d 454, 456 n.1 (Nev. 1994). Further, the cause of action must be pled with particular specificity
24  as to "the manner in which a defendant joined in the conspiracy and how he participated in it."
25  *Arroyo v. Wheat*, 591 F.Supp. 141, 144 (D. Nev. 1984).

26  Here, plaintiff fails to plead a claim for civil conspiracy with the required specificity.
27  Plaintiff never identifies how each defendant participated in or joined the conspiracy. Plaintiff

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  merely alleges that defendants engaged in a conspiracy to commence a wrongful foreclosure or
2  trustee's sale to take plaintiff's property. (Doc. #1, Ex. A). This pleading falls short of the requisite
3  specificity for plaintiff's civil conspiracy claim. *See Arroyo*, 591 F.Supp. at 144. Accordingly, the
4  court dismisses plaintiff's civil conspiracy claim.

### IV.  Quiet title

"In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 112 Nev. 663 (Nev. 1996). When an adverse claim exists, the party seeking to have another party's right to property extinguished must overcome the "presumption in favor of the record titleholder." *Id.* Further, an action for quiet title should be dismissed where plaintiff's claim "is not based on a cognizable legal theory." *Elias v. HomeEQ Servicing*, 2009 WL 481270, at *2 (D. Nev. 2009).

Plaintiff's claims are dependant on his claim that the securitization somehow impacted the right of the holder of the note to foreclose. (Doc. #1, Ex. A). This legal argument has been consistently rejected. *See, e.g.*, *Futch v. BAC Home Loans Servicing, LP*, 2011 WL 4544006, at *2 (D. Nev. 2011) (stating "[p]laintiff's assertion the securitization of the loan somehow relieves her of an obligation to pay is unrecognized in law"). Therefore, plaintiff has not pled his quiet title claim sufficiently, and it must be dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Mortgage Electronic Registration Systems, Inc., et. al.'s motion to dismiss (doc. #14) be, and the same hereby is, GRANTED.

DATED April 13, 2012.

_____
UNITED STATES DISTRICT JUDGE